UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 4:13-cr-15-TWP-MGN |
| ) | |
| BLANDINE JOSEPH, ) | -01 |
| ) | |
| ) | |

## PLEA AGREEMENT

Comes now the United States of America, by counsel, Joseph H. Hogsett, United States Attorney for the Southern District of Indiana, and Todd S. Shellenbarger, Assistant United States Attorney, and the Defendant, BLANDINE JOSEPH, in person and by counsel, Jennifer H. Culotta, and hereby inform the Court that a Plea Agreement has been reached in this cause, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and the following are its terms and conditions:

1.   BLANDINE JOSEPH will enter a plea of guilty to Count 1 of the Superseding Indictment which charges her with a violation of 18 U.S.C. § 1029(a)(3), Possession of Counterfeit and Unauthorized Access Devices, Count 3 of the Superseding Indictment which charges her with a violation of 18 U.S.C. §§ 1029(a)(1) and 1029(b)(2), Conspiracy to Use Counterfeit Access Devices, and Count 7 of the Superseding Indictment which charges her with a violation of 18 U.S.C. §§ 1344 and 1349, Bank Fraud Conspiracy.

2.   The elements of the offenses are:

   A.   Count one, Possession of Counterfeit and Unauthorized Access Devices

      i. that the defendant knowingly possessed or aided and abetted others in the possession of fifteen (15) or more access devices;

      ii. that those devices were counterfeit or unauthorized;

      iii. that the defendant possessed those devices with the intent to defraud;

      iv. that the defendant's conduct affected interstate commerce.

B. Count three, Conspiracy to Use Counterfeit Access Devices

      i. that the conspiracy as charged in Count 3 existed;

      ii. that the defendant knowingly became a member of the conspiracy with an intention to further the conspiracy; and

      iii. an overt act was committed by at least one conspirator in furtherance of the conspiracy.

C. Count Seven, Bank Fraud Conspiracy

      i. that the conspiracy as charged in Count 7 existed;

      ii. that the defendant knowingly became a member of the conspiracy with an intention to further the conspiracy; and

      iii. an overt act was committed by at least one conspirator in furtherance of the conspiracy.

3. The penalties for a violation of 18 U.S.C. § 1029(a)(3), Possession of Counterfeit and Unauthorized Access Devices, are not more than 10 years imprisonment, a fine of not more than $250,000 and a term of supervised release of not more than 3 years. The penalties for a violation of §§ 1029(a)(1) and 1029(b)(2), Conspiracy to Use Counterfeit Access Devices, are not more than 5 years imprisonment, a fine of not more than $250,000 and a term of supervised release of not more than 3 years. The penalties for a violation of 18 U.S.C. §§ 1344 and 1349, bank fraud conspiracy, are not more than 30 years imprisonment, a fine of not more than

$1,000,000 and a term of supervised release of not more than 5 years.

## GENERAL PROVISIONS

4.      BLANDINE JOSEPH understands that, should the Court accept this plea agreement, the Court will use its discretion to fashion a sentence within the statutory ranges set forth in Paragraph 3. BLANDINE JOSEPH agrees and understands that the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range. BLANDINE JOSEPH understands that the final determination concerning the advisory guideline calculation, criminal history category, and sentencing guideline range will be made by the Court.

5.      BLANDINE JOSEPH acknowledges that this plea agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of her sentence is within the discretion of the Court. BLANDINE JOSEPH understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to depart from the otherwise applicable advisory sentencing guideline range, then she will not be permitted to withdraw her plea of guilty for that reason and will be bound by her plea of guilty and any appeal waiver contained in this agreement.

## SPECIFIC PROVISIONS

6.      BLANDINE JOSEPH will plead guilty to the offenses charged counts 1, 3 and 7 of the Superseding Indictment. At the time of the Sentencing hearing the government will move to dismiss counts 2, 5, and 6 of the Superseding Indictment with respect to BLANDINE JOSEPH.

7.      BLANDINE JOSEPH will pay a total of $300.00 on the date of sentencing, or as

ordered by the Court, to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to Title 18, United States Code, Section 3013.

8.  BLANDINE JOSEPH agrees that as of the date of filing this plea agreement she will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines and restitution imposed by the Court and authorizes the Financial Litigation Unit to obtain credit reports relating to BLANDINE JOSEPH for use in the collection of any fines and restitution imposed by the Court.

9.  The parties agree that the defendant shall pay restitution to the victims of the offenses, as ordered by the Court, less any sum paid before the sentencing date, jointly and severally with the co-defendants named in the Superseding Indictment. The parties agree that the defendant may be ordered to pay restitution based on all counts contained in the Superseding Indictment, including those counts dismissed pursuant to this agreement. The parties may present evidence and arguments on the restitution amounts at the time of sentencing.

10. BLANDINE JOSEPH hereby consents to forfeiture of the following items to the United States, relinquishing any and all right, title and interest that she has in the items:

  A. all access devices found in the possession of members of the conspiracy on or about April 3, 2013;

  B. all gift cards found in the possession of members of the conspiracy on or about April 3, 2013;

  C. all new merchandise found in the possession of members of the conspiracy on or about April 3, 2013;

  D. all new merchandise found in rooms 310 and 311 of the Motel Six, located at

2016 Hospitality Way, Jeffersonville, Indiana, on or about April 5, 2013. BLANDINE JOSEPH understands that the items will be forfeited to the United States pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and (a)(2)(B), and 1029(c)(1)(C); and Title 28, United States Code, Section 2461(c), subject to the determination of any third party claims. BLANDINE JOSEPH admits that the items were used, or intended to be used, to commit the offenses to which she is pleading guilty, or were derived from proceeds obtained through the offenses to which she is pleading guilty, and agrees not to contest, and not to have any other person contest on her behalf, any action taken by the United States concerning the items, including any motions for forfeiture filed herein and in any ancillary proceeding, and agrees not to raise any affirmative defenses to any forfeiture actions brought by the United States, whether the forfeiture action is administrative or judicial, civil or criminal. BLANDINE JOSEPH agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging in instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. BLANDINE JOSEPH acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise her of this, pursuant to Rule 11(b)(1)(J), at the time her guilty plea is accepted. BLANDINE JOSEPH agrees that there was reasonable cause for the seizure of the property identified herein as the term "reasonable cause" is used in 28 U.S.C. § 2465, and agrees to hold harmless any and all officers and employees of the United States connected with the seizure of the property identified and any officer or employee of the United States connected with the bringing of this action.

11. BLANDINE JOSEPH acknowledges and agrees that nothing in this agreement shall protect her in any way from prosecution for any offense not specifically covered by this agreement.

12. The United States will recommend to the Court that the defendant receive a term of imprisonment at the low end of the applicable advisory guideline range determined by the Court.

13. The parties agree that the term of supervised release and the amount of any fine that may be imposed shall be determined by the Court at the time of sentencing.

14. The government agrees not to oppose any request made by BLANDINE JOSEPH for a recommendation by the Court that BLANDINE JOSEPH serve any period of imprisonment in a specific facility. BLANDINE JOSEPH acknowledges and understands that any recommendation by the Court does not bind the United States Bureau of Prisons.

15. BLANDINE JOSEPH understands that she has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right and in exchange for the concessions made by the United States in this Plea Agreement, BLANDINE JOSEPH expressly waives her right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by Title 18, United States Code, Section 3742. Additionally, BLANDINE JOSEPH expressly agrees not to contest her conviction and sentence or the manner in which her conviction and sentence were determined in any proceedings, including, but not limited to, an action brought under Title 28, United States Code, Section 2255.

16. BLANDINE JOSEPH agrees and understands that the Court will use its discretion

to fashion a sentence within the statutory ranges set forth in Paragraph 3. BLANDINE JOSEPH agrees and understands that the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range. BLANDINE JOSEPH agrees and understands that the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range. BLANDINE JOSEPH agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature. BLANDINE JOSEPH agrees and understands that the final determination of the sentence, including the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court.

## SENTENCING GUIDELINES STIPULATIONS

17. Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2012 version of the Sentencing Guidelines Manual has been used by the parties to make the stipulations specified below:

   A. Pursuant to U.S.S.G. § 2B1.1(a)(1) the base offense level is 7. All Counts are grouped together for purposes of sentencing pursuant to sections 3D1.2 and 3D1.3 of the Sentencing Guidelines.

   B. Pursuant to U.S.S.G. §§ 1B1.3 and 2B1.1(b)(1)(F) a 10 level increase in the offense level applies in this case because the offense involved a loss of more than $120,000 and less than $200,000 as defined by U.S.S.G. § 2B1.1 Application Note 3(F)(i).

  C. Pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i) a 2 level increase in the offense level applies in this case because the offense involved more than 10 victims.

  D. Pursuant to U.S.S.G. § 2B1.1(b)(11) a 2 level increase in the offense level applies in this case because the offense involved the production or trafficking of any unauthorized access device or counterfeit access device.

  E. To date the defendant has demonstrated acceptance of responsibility for her criminal conduct. In the event that she continues to accept responsibility, the defendant should receive a 2 level reduction under section 3E1.1(a).

  F. By entering into this plea agreement and filing a petition to enter a plea of guilty in this case the defendant has timely notified the government of her intention to enter a plea of guilty and has permitted the government to avoid preparing for trial and thereby allocate its resources effectively. Provided the defendant continues to demonstrate acceptance of responsibility, at the time of sentencing, the government will make a motion, in writing or on the record in open court, that informs the Court of the defendant's timely and continued acceptance enabling the Court to decrease the offense level by 1 pursuant to section 3E1.1(b).

  G. No other specific offense characteristics, Chapter 3 adjustments, or Chapter 5 departures are applicable.

## FINAL PROVISIONS

18. BLANDINE JOSEPH acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce BLANDINE JOSEPH to plead guilty. This document is the complete and only plea agreement between BLANDINE JOSEPH and the United States Attorney for the Southern District of Indiana and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

19. The terms of this agreement shall not be binding on the Office of the United States Attorney for the Southern District of Indiana, or upon BLANDINE JOSEPH, until signed by BLANDINE JOSEPH and her counsel and by counsel for the United States of America.

Respectfully submitted,

JOSEPH H. HOGSETT
UNITED STATES ATTORNEY

7-24-13
DATE

*Joe Vaughn* by TSS
Joe Vaughn
Chief, Criminal Division

7-24-13
DATE

*Todd J. Shellenbarger*
Todd S. Shellenbarger
Assistant United States Attorney

7/16/13
DATE

*Blandine Joseph*
Blandine Joseph
Defendant

7/16/13
DATE

*Jennifer H. Culotta*
Jennifer H. Culotta
Attorney for Defendant

## STATEMENT OF THE DEFENDANT

I have read the entire Plea Agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney's representation during all phases of this case.

I am freely and voluntarily pleading guilty in this case.

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea(s).

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within 10 days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

Finally, my attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation officer, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two (2) level increase in the offense level.

_7/16/13_
DATE

_Blandine Joseph_
Blandine Joseph
Defendant